Justice Sotomayor,
with whom Justice Ginsburg and Justice Breyer join, concurring in the judgment.
I concur in the Court’s judgment reversing the Court of Appeals because I agree with the majority’s conclusion that Ashcroft did not violate clearly established law. I cannot join the majority’s opinion, however, because it unnecessarily “resolve[s] [a] difficult and novel questio[n] of constitutional ... interpretation that will ‘have no effect on the outcome of the case.’ ” Ante, at 735 (quoting Pearson v. Callahan, 555 U. S. 223, 237 (2009)).
Whether the Fourth Amendment permits the pretextual use of a material witness warrant for preventive detention of an individual whom the Government has no intention of using at trial is, in my view, a closer question than the major *752 ity’s opinion suggests. Although the majority is correct that a government official’s subjective intent is generally “irrelevant in determining whether that officer’s actions violate the Fourth Amendment,” Bond v. United States, 529 U. S. 334, 338, n. 2 (2000), none of our prior cases recognizing that principle involved prolonged detention of an individual without probable cause to believe he had committed any criminal offense. We have never considered whether an official’s subjective intent matters for purposes of the Fourth Amendment in that novel context, and we need not and should not resolve that question in this case. All Members of the Court agree that, whatever the merits of the underlying Fourth Amendment question, Ashcroft did not violate clearly established law.
The majority’s constitutional ruling is a narrow one premised on the existence of a “valid material-witness warrant],” ante, at 733 — a premise that, at the very least, is questionable in light of the allegations set forth in al-Kidd’s complaint. Based on those allegations, it is not at all clear that it would have been “impracticable to secure [al-Kidd’s] presence ... by subpoena” or that his testimony could not “adequately be secured by deposition.” 18 U. S. C. §3144; see First Amended Complaint in No. 05-093-EJL, ¶ 55, App. 26 (“Mr. al-Kidd would have complied with a subpoena had he been issued one or agreed to a deposition”). Nor is it clear that the affidavit supporting the warrant was sufficient; its failure to disclose that the Government had no intention of using al-Kidd as a witness at trial may very well have rendered the affidavit deliberately false and misleading. Cf. Franks v. Delaware, 438 U. S. 154, 155-156 (1978). The majority assumes away these factual difficulties, but in my view, they point to the artificiality of the way the Fourth Amendment question has been presented to this Court and provide further reason to avoid rendering an unnecessary holding on the constitutional question.
*753 I also join Part I of Justice Kennedy’s concurring opinion. As that opinion makes clear, this case does not present an occasion to address the proper scope of the material witness statute or its constitutionality as applied in this case. Indeed, nothing in the majority’s opinion today should be read as placing this Court’s imprimatur on the actions taken by the Government against al-Kidd. Ante, at 744 (Kennedy, J., concurring) (“The Court's holding is limited to the arguments presented by the parties and leaves unresolved whether the Government’s use of the material-witness statute in this case was lawful”).